PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 2000 Nissan Maxima struck a piece of concrete on the Route 16 bypass bridge in Mount Hope, Fayette County. Route 16 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 7:45 a.m. on May 10,2007. The Route 16 bypass bridge is a paved, two-lane road, and the speed limit is forty-five miles per hour. Claimant V. Christine Smith was driving to work at approximately forty to forty-five miles per hour. As she was proceeding across the *109 bridge, her vehicle struck a piece of concrete that came out of a hole on the bridge deck. The piece of concrete was approximately one foot in diameter. She was unable to avoid the hole because the piece of concrete did not come out of the hole until she traveled over it. Claimant stated that she drives on this road on a daily basis and stated that she was aware that there were holes on the bridge surface. At the time of the incident, she was driving closer to the right side of the road to avoid a hole. There were no warning signs at this location. As a result of the incident, claimants’ vehicle sustained damage to its rear passenger’s side rim in the amount of $166.42. The amount of claimants’ insurance deductible is $250.00.
The position of the respondent is that it did not have actual or constructive notice of the condition on the Route 16 bypass bridge at the site of the claimant’s accident for the date in question. John Zimmerman, Assistant County Administrator for respondent in Fayette County, testified that Route 16 is a primary route. He stated that the bridge in this location is in failing condition. He explained that the bridge is one of the older bridges in the County and needs to be replaced. Respondent monitors the condition of the bridge approximately four or five times a week and patches the holes that need repaired on the bridge surface. Mr. Zimmerman stated that there are no “reduce speed” or “rough road” signs before reaching the bridge. He testified that it is a common occurrencefor pieces of concrete to come out of the bridge’s surface because the bridge deck is so unstable. Vehicles traveling over the concrete patches cause the patches to crack and pop out of the road’s surface. Mr. Zimmerman stated that respondent did not receive any complaints regarding this particular problem, but individuals have inquired about the replacement of the bridge. Even though the bridge has been in disrepair for approximately seven years, the bridge is not scheduled to be replaced until 2015. The cost of replacing the bridge’s deck is in excess of one million dollars.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the piece of concrete which claimants’ vehicle struck and that it presented a hazard to the traveling public. Mr. Zimmerman testified that it was not uncommon for pieces of concrete to come out of the bridge’s surface. Although respondent was aware that the bridge was in failing condition, there were no warning signs in place at the time of this incident. Thus, the Court finds respondent negligent and claimants may make a recovery for the damage to their vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimants in the amount of $ 166.42.
Award of $166.42.